UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2006 NOV 15  A 7: 53

| | |
|---|---|
| Sylvia E. McRae, and as Representative of the Estate of Gladys R. Evans, <br><br>          Plaintiff, <br><br>vs. <br><br>Samuel L. Evans, III, <br><br>          Defendant. | ) C/A No.: 2:06-3075-CWH-RSC <br> ) <br> ) <br> ) Order <br> ) <br> ) <br> ) |

This matter has been removed from state court by Sylvia E. McRae, "appellant" (hereinafter "McRae"), who is appearing individually, and as personal representative for the Estate of Gladys R. Evans. The matter was one initially filed in probate court on June 21, 2001. McRae alleges this court has jurisdiction to hear this matter based on the diversity statute. In addition, she alleges this court has jurisdiction over matters that "are not solely the administration of a will in probate, nor that involve the annulment of a will." See Exhibit 1, page 1. McRae also claims that this court has jurisdiction because tax disputes should be settled in federal court. See Exhibit 1, page 2.

Samuel L. Evans, III (hereinafter "Evans"), who is the "respondent" in this removal, began "tortious interference" with the administration of the estate by removing the matter from probate court to the state circuit court. McRae claims that Evans attempted to replace the probated will of Gladys R. Evans with a very old holographic will which designated Evans as the sole heir to her estate. McRae alleges the estate was returned to the probate court upon voluntary withdrawal of the removal.

The other estate was that of Gladys R. Evans' late husband, who predeceased her by approximately one month. As a result, Gladys R. Evans estate was "incomplete" due to the nondistribution of her husband's estate, which was also in probate. Evans was the personal representative of this other estate.

At some undisclosed point, the Internal Revenue Service (IRS) began an audit of Gladys R. Evans' estate. McRae alleges that taxes for the estimated estate, (including wife's inheritance from husband), were paid using funds that Gladys R. Evans had in her estate at the time of her death. The audit increased the tax liability and a protective claim was filed in case the amount of the estate changed and the audit had to be reopened. A closing letter from the IRS was issued in December of 2004.

Shortly thereafter, Evans sought an accounting and also asked to change the trusteeship of a testamentary trust in the will of Gladys R. Evans. The accounting took place and the probate court denied the change in the trusteeship. McRae alleges

the probate court subsequently entered a 60% distribution of the estate although no closing letter had been received from the South Carolina Department of Revenue. The probate court eventually changed the trusteeship of the testamentary trust to an "elderly person", not named by Gladys R. Evans, and without the restrictions placed on the trust by her will. Attorneys fees for two separate hearings were paid in the amount of $34, 227.37. The order granting the change in trusteeship was appealed to the state circuit court.

The circuit court order, attached as an exhibit to the removal, reveals that the order of the probate court was affirmed in part and remanded in part. The order (Exhibit B) indicates that McRae consented to those portions of the order in which the circuit court affirmed the probate court. The circuit court remanded the case for clarification as to the factual basis for removing the original trustee for the testamentary trust. It appears then, that this portion of the proceeding is still pending.

The removal to federal court, however, was filed because McRae alleges the state circuit court permitted the "tortious interference" of Evans through his counsel in contravention of the wishes of Gladys R. Evans by allowing the change in trusteeship to occur in contravention of the will of Gladys R. Evans.

## DISCUSSION

A defendant in a case in a state court may remove that case to a federal district court ***only if the state court action could have been originally filed in a federal***

*district* court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Case law in this Circuit, however, recognizes the well-established "probate exception" to diversity jurisdiction, i.e., federal courts have no jurisdiction over matters that are exclusively within the jurisdiction of state probate courts. *See* Beattie v. J.M. Tull Foundation, 941 F. Supp. 57 (D.S.C. 1996). *Cf.* Foster v. Carlin, 200 F. 2d 943, 947 (4th Cir. 1952); Cottingham v. Hall, 55 F.2d 664 (4th Cir. 1932); and Ladd v. Tallman, 59 F.2d 732 (4th Cir. 1932).

In Beattie, *supra*, the Court noted that federal jurisdiction turns on "whether the action could be maintained in a state court of general jurisdiction in the state where the federal court sits." Beattie @58. The court also acknowledged that a federal court would not have jurisdiction over "cases involving the probate of wills, disturbing the possession of an estate in the hands of a state probate court, or involving the conclusiveness of judgements of state courts in probate matters." Beattie @ 59.

The plaintiff in Beattie, *supra*, sought a declaratory judgement regarding the terms of a trust. Plaintiff in that case sought to distribute the entire capital gain of a trust to a life tenant. The estate had been administered and closed some thirty years earlier. In addition, the probate court had taken no action in the case other than

receiving the complaint.

This matter, on the other hand, has been handled extensively and almost exclusively by the state probate court since it was originally filed in June of 2001. Thus, to accept the removal of this case would require this Court "to disturb possession of an estate properly in the hands of a state probate court". Beattie @ 59. In addition, determinations as to who will be the trustee for a testamentary trust, accountings, payments for attorney's fees, and claims filed by taxing authorities are all standard administrative functions for state probate courts. Probate courts have exclusive jurisdiction over all subject matter related to the construction of wills and questions arising in the administration of any trust. S.C. Code Ann. §§ 62-1-302(a)(1) and 62-7-201.

A fair reading of the complaint shows that McRae is attempting to appeal the decision of the Circuit Court. Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. See also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine. *See, e.g.*, Ivy Club v. Edwards, 943 F.2d 270, 284 (3rd Cir. 1991), *cert. denied*, Del Tufo v. Ivy Club, 503 U.S. 914 (1992). The Rooker-Feldman doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. District of Columbia Court of Appeals v. Feldman, supra, 460 U.S. at 484-486, and Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D.Iowa 1989). The Rooker-Feldman doctrine also applies even if the state court litigation has not reached a State's highest court. Worldwide Church of God v. McNair, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986). *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); and Robart Wood & Wire Products v. Namaco Industries, Inc., 797 F.2d 176, 178 (4th Cir. 1986), *cert. denied*, Namaco Industries, Inc. v. Robart Wood & Wire Products, 479 U.S. 1032 (1987). Therefore, plaintiff may not use a civil rights action to challenge the determinations or rulings of a probate court. *See* Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); and Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986) (characterization of a suit as a civil rights action is ineffective to defeat the well-settled rule that litigants may not obtain review of state court actions by filing

complaints in lower federal courts "cast in the form' of civil rights suits). *See also* Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir. 1981); and Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(holding that federal district courts and United States Courts of Appeals have no appellate or supervisory authority over state courts). *Accord* Hagerty v. Succession of Clement, 749 F.2d 217, 219-220 (5th Cir. 1984)(collecting cases), *cert. denied*, Hagerty v. Keller, 474 U.S. 968 (1985); Kansas Association of Public Employees v. Kansas, 737 F. Supp. 1153, 1154 (D.Kan. 1990); and Fuller v. Harding, 699 F. Supp. 64, 66-67 (E.D.Pa. 1988), *affirmed*, Fuller v. Harding, 875 F.2d 310 (3rd Cir. 1989)[Table]. Hence, to the extent plaintiff believes a probate judge or state circuit court judge improperly applied the law, or the facts, to her situation, she is attempting to "appeal" that decision. Even under the narrow construction given to the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005)(*Rooker-Feldman* doctrine applies only when the loser in state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself), plaintiff is barred by that doctrine because she is alleging she was injured by a state court decision. *Cf.* Davani v. Virginia Dept. of Transp., 434 F.3d 712, 2006 WL 91807 (4th Cir. 2006); Lance v. Dennis, 126 S. Ct.1198, 2006 WL 386360 (2006); Rose v. Board of Supervisors of Fluvanna County, 2006 WL 240979 (W.D. Va.). Additionally, any attempt to appeal

the decision of the state court would be prohibited by the decision in Beattie, *supra*, because it involves "the conclusiveness of judgements of state courts in probate matters." Beattie @ 59.

***Accordingly, this case is remanded to the Court of Common Pleas for Charleston County***. *See* Wachovia Bank National Association v. Deutsche Bank Trust Co., 397 F. Supp.2d 698 (W.D.N.C. 2005) (Magistrate Judge has authority to enter final order remanding case to state court). This order can be appealed to a United States District Judge for review "under the clearly erroneous or contrary to law standard." Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., supra, 844 F. Supp. at 1163. *See also* McDonough v. Blue Cross of Northeastern Pennsylvania, supra, 131 F.R.D. at 467. *Cf.* Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

/s/ Robert S. Carr
Robert S. Carr
United States Magistrate Judge

November 14, 2006
Charleston, South Carolina

***The parties' attention is directed to the important notice on the next page***.

# **NOTICE TO THE PLAINTIFF**

The order in the above-captioned matter(s) is reviewable **only by a United States District Judge**, if a timely appeal is filed. Under Fed. R. Civ. P. 72(a), the time period for filing an appeal is **ten (10) days**. If the plaintiff files an appeal, he must place the civil action number listed above on his Appeal to United States District Judge. The plaintiff's Appeal to United States District Judge should be sent to the following address:

> Larry W. Propes, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402