**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Sylvia E McRae, | ) | |
| | ) | |
| Appellant, | ) | 2:06-3075-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Samuel L Evans, III | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

This matter arises out of the settlement of the estate of Gladys R. Evans, which entered into probate on June 21, 2001. The appellant was named as personal representative of the estate of Gladys R. Evans ("decedent") and as Trustee of a testamentary trust in the decedent's will. The respondent is a beneficiary of the trust and devisee under the decedent's will. On July 25, 2005, the respondent filed a petition in the Probate Court of Charleston County, South Carolina for an accounting, to change trusteeship, to clarify trust terms, and to surcharge the plaintiff with taxes, interest, and penalties resulting from the alleged violation of her fiduciary duties. On September 8, 2005, and on October 17, 2005, Judge Tamara C. Curry ("Judge Curry") heard these issues. At the October 17, 2005 hearing, the appellant consented to the payment of funeral expenses out of the estate and certain distributions. On November 23, 2005, Judge Curry ordered the distributions consented to by the appellant and removed the appellant as trustee of the testamentary trust.

The appellant appealed to the South Carolina Court of Common Pleas for Charleston County. On June 13, 2006, Judge R. Markley Dennis, Jr. ("Judge Dennis") affirmed the distributions and payment of funeral expenses and remanded the appeal to the Probate Court

with instructions to clarify the basis of the order removing the appellant from her position as trustee. On June 26, 2006, Judge Curry filed a supplemental order with additional findings of facts and held that the appellant was removed as trustee because the plaintiff failed to exercise basic fiduciary responsibilities as a personal representative and as a trustee. The record does not show any subsequent orders in either court.

On October 30, 2006, the appellant filed a notice of removal to the United States District Court appealing from the state court orders and alleging that the state courts permitted the defendant's tortious interference in contravention of the decedent's wishes. On November 15, 2006, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") remanded this case for lack of jurisdiction to the South Carolina Court of Common Pleas for Charleston County. On November 27, 2006, the plaintiff filed an appeal to t his court from Magistrate Judge Carr's order. This matter is now ready for disposition.

In South Carolina, appeals from the probate court must be to the circuit court unless the parties not in default consent to an appeal to the South Carolina Supreme Court. S.C. Code Ann. §62-1-308. This Court has no appellate jurisdiction over the South Carolina courts and cannot review their decisions except to the limited extent it is authorized to so in cases in which prisoners seek writs of habeas corpus. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); 28 U.S.C. §2241. Therefore, this Court lacks subject matter jurisdiction to review the state court decisions that the appellant wishes to appeal. Accordingly, the appellant's case is remanded to the Court of Common Pleas for Charleston County from which it was removed.

**AND IT IS SO ORDERED**.

                     _C. Weston Houck_ _____

                     **C. WESTON HOUCK**
                     **UNITED STATES DISTRICT JUDGE**

April 25, 2007
Charleston, South Carolina