**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Sylvia E McRae, | ) | |
| | ) | |
| Appellant, | ) | 2:06-3075-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Samuel L Evans, III | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On April 25, 2007, the Court denied the appellant's appeal because the Court lacks subject matter jurisdiction to review the state court decisions that the appellant wishes to appeal. The Court remanded this case to the Court of Common Pleas for Charleston County.

On May 14, 2007, the appellant filed a motion for reconsideration. The Fourth Circuit Court of Appeals has held that a motion for reconsideration should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. Collision v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994).

The appellant claims that she did not agree to pay funeral expenses from the estate of the decedent, as the Court stated in its recitation of the facts in its April 25, 2007 order. The Court made this statement based on Judge R. Markley Dennis, Jr.'s June 13, 2006 order, which states: "Appellant McRae also consented to the payment of funeral expense by the Respondent Evans in the amount of $3500.00." However, this issue neither affects this Court's subject matter jurisdiction nor alters this Court's analysis and conclusion. The appellant does not set forth new evidence that was not previously available, nor does the appellant point to a clear error of law.

In South Carolina, appeals from the probate court must be to the circuit court unless the parties not in default consent to an appeal to the South Carolina Supreme Court.  S.C. Code Ann. §62-1-308.  This Court has no appellate jurisdiction over the South Carolina courts and cannot review their decisions except to the limited extent it is authorized to do so in cases in which prisoners seek writs of habeas corpus.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); 28 U.S.C. §2241.  Therefore, this Court lacks subject matter jurisdiction to review the state court decisions that the appellant wishes to appeal.

It has come to the Court's attention that the Court of Common Pleas for Charleston County remanded this matter to the South Carolina Probate Court for Charleston County prior to the appellant's appeal to this Court.  Therefore, this matter is remanded to the South Carolina Probate Court for Charleston County, and the appellant's motion for reconsideration is denied.

**AND IT IS SO ORDERED**.

                                                                **C. WESTON HOUCK**
                                                                **UNITED STATES DISTRICT JUDGE**

May 15, 2007
Charleston, South Carolina